TARA K. MCGRATH
United States Attorney
P. KEVIN MOKHTARI
Assistant U.S. Attorney
California Bar No. 253283
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8402
Email: kevin.mokhtari@usdoj.gov

Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CHRISTOPHER LANDON BUSTIN,<br>Defendant. | Case No. 24CR0854-CAB<br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Tara K. McGrath, United States Attorney, and P. Kevin Mokhtari, Assistant U.S. Attorney, and Defendant Christopher Landon Bustin, with the advice and consent of Paul W. Blake, counsel for Defendant, as follows:

//

//

//

//

//

//

//

//

CB

## I

## THE PLEA

Defendant agrees to waive indictment and plead guilty to a **Superseding Information** charging Defendant with:

Count 1

On or about April 7, 2021, within the Southern District of California, defendant CHRISTOPHER LANDON BUSTIN did knowingly and intentionally possess, with intent to distribute, 50 grams and more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

Count 2

On or about April 7, 2021, within the Southern District of California, defendant CHRISTOPHER LANDON BUSTIN, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, to wit: (1) 7.62 SKS style rifle (Serial #DC 8635); (2) three (3) Magpul 30 round 5.56 magazines; (4) two (2) magazines, unknown caliber; (5) 40 rounds Winchester 5.56 ammunition; (6) 40 Wolf .223 rounds; (7) 109 rounds of various brands of .40 caliber ammunition; (8) 100 rounds of .45 caliber Federal ammunition; (9) 33 rounds of 9MM Blazer ammunition; (10) 20 7.62 rounds; (11) 88 rounds of various brands of 5.56 ammunition; all in violation of Title 18, United States Code, Section 922(g)(1).

Preservation. Defendant agrees that, following entry of Defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case. For any controlled substance seized in connection with this case, Defendant agrees that, following entry of Defendant's guilty plea, the Government may destroy the controlled substance 30 days after the Government has provided Defendant with the laboratory analysis report. If Defendant believes that additional testing is needed, Defendant will arrange for and complete such testing within that 30-day period, unless that period is extended by joint written agreement or Court order, in

CB

which case the Government shall preserve the controlled substance for the agreed-upon or judicially mandated period. If the court has issued a preservation order in connection with any seized evidence, Defendant will request that the Court lift or revoke the preservation order following entry of Defendant's guilty plea.

Criminal Forfeiture. In addition, defendant consents to the forfeiture allegations of the Indictment, consents to the forfeiture of all properties seized in connection with the case, and agrees the attached Forfeiture Addendum shall govern forfeiture in this case.

## II

## NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED

The offenses to which Defendant is pleading guilty have the following elements:

Count 1

1. Defendant knowingly possessed methamphetamine or some other federally controlled substance;
2. Defendant possessed the methamphetamine, or some other federally controlled substance, with the intent to distribute it to another person.

In addition, for purposes of sentencing, the Government would have to prove, beyond a reasonable doubt, that the offense involved at least 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

Count 2

1. Defendant knowingly possessed a firearm/ammunition;

2. The firearm/ammunition had been shipped or transported from one state to another or between a foreign nation and the United States;

CB

3. At the time the defendant possessed the firearm/ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

4. At the time the defendant possessed the firearm/ammunition, the defendant knew that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year.

As to the forfeiture, the Defendant understands that the government would have to prove by a preponderance of the evidence that the property(ies) subject to forfeiture were firearms and ammunition involved in the offense.

B. <u>ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS</u>

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

<u>Count 1</u>

1. On April 7, 2021, defendant CHRISTOPHER LANDON BUSTIN knowingly possessed 1.43 kilograms of methamphetamine (actual), a Schedule II Controlled Substance, at his residence in Chula Vista, CA.

2. Defendant possessed the methamphetamine with the intent to distribute it to other persons.

<u>Count 2</u>

3. On April 7, 2021, defendant CHRISTOPHER LANDON BUSTIN knowingly possessed the following:

The "**Firearm**":
(1) 7.62 SKS style rifle (Serial #DC 8635)

The "**Magazines**":
(2) three Magpul 30 round 5.56 large capacity magazines;
(3) two magazines, unknown caliber;

The "**Ammunition**":
(4) 40 rounds Winchester 5.56 ammunition;
(5) 40 Wolf .223 rounds;

CB

(6) 109 rounds of various brands of .40 caliber ammunition;
(7) 100 rounds of .45 caliber Federal ammunition;
(8) 33 rounds of 9MM Blazer ammunition;
(9) 20 7.62 rounds; and
(10) 88 rounds of various brands of 5.56 ammunition.

4. Defendant agrees that the United States could prove that the Firearm and Ammunition had all traveled in and affected interstate commerce, in that it they were not manufactured in California, and had been shipped and transported from one state to another.

5. At the time defendant possessed the Firearm and Ammunition, he had been convicted of a crime punishable by imprisonment for a term exceeding one year, including the following felony convictions:

a. December 15, 2005 conviction for Cal. Veh. Code § 10851(a) - Take Vehicle w/o Consent (F); and

b. November 1, 2004 conviction for Cal. Health & Safety Code § 11383(c)- Possession of Ephedrine w/ Intent to Manufacture Methamphetamine (F).

6. At the time he possessed the Firearm and Ammunition, Defendant knew he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year.

## III

## PENALTIES

The crimes to which Defendant is pleading guilty carry the following penalties:

Count 1

A. a maximum of 40 years in prison, and a mandatory minimum 5 years;

B. a maximum $5,000,000 fine;

C. a mandatory special assessment of $100 per count;

D. a term of supervised release of at least 4 years and up to life. Failure to comply with any condition of supervised release may result in revocation of supervised release,



CB

requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release;

E. possible ineligibility of certain federal benefits; and

F. forfeiture to the United States of all property, real and personal, that constitutes or is derived from proceeds of the offenses, and all property, real and personal, that was used to commit or to facilitate the commission of the offenses.

Count 2

A. a maximum 15 years in prison;

B. a maximum $250,000 fine;

C. a mandatory special assessment of $100 per count;

D. a term of supervised release of up to 3 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release; and

E. forfeiture of all firearms and ammunition involved in the offense.

## IV
## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of Defendant; and

F. Not testify or have any adverse inferences drawn from the failure to testify.

Defendant has been advised by counsel and understands that because defendant is not a citizen of the United States, defendant's

conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

**V**

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

**VI**

**DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY**

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various

collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an

CB

opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

**IX**

**SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

**X**

**PARTIES' SENTENCING RECOMMENDATIONS**

A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | |
|---|---|---|
| 1. | Base Offense Level [§ 2D1.1] | 34 |
| 2. | Possession of Dangerous Weapon [§ 2D1.1(b)(1)] | +2 |

ED

3. Acceptance of Responsibility [§ 3E1.1] -3

4. Variance [18 U.S.C. § 3553(a)] -2[1]

B. ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;
2. Falsely denies prior criminal conduct or convictions;
3. Is untruthful with the Government, the Court or probation officer;
4. Breaches this plea agreement in any way;
5. Contests or assists any third party in contesting the forfeiture of property(ies) seized in connection with this case, and any property(ies) to which the Defendant has agreed to forfeit as set forth in the attached forfeiture addendum

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant **may** request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward

[1] The government will recommend a two-level variance under 18 U.S.C. § 3553(a), which reflects defendant's history and characteristics and defendant's full appellate waiver.



CB

adjustments, departures, or variances not set forth in Section X, paragraph A above.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government will recommend that Defendant be sentenced to the greater of: **low end** of the guideline range recommended by the Government at sentencing, or the mandatory minimum if applicable.

G. SPECIAL ASSESSMENT/FINE/FORFEITURE

1. Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2. Fine

The Government will not recommend a fine.

3. Forfeiture

Defendant agrees that the provisions of the attached Forfeiture Addendum shall govern forfeiture in this case.

//



CB

H. SUPERVISED RELEASE

The government may recommend any term of supervised release. If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

The Parties will jointly stipulate/recommend a full Fourth Amendment waiver as a condition of supervised release for Defendant to submit to a search of person, property, house, residence, office, vehicle, papers, cellular phone, computer or other electronic communication or data storage devices or media effects, conducted by a United States Probation Officer or any federal, state, or local law enforcement officer, at any time with or without a warrant, and with or without reasonable suspicion.

**XI**

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any forfeiture or restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is that Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

//



CB

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;
2. Failing to fully accept responsibility as established in Section X, paragraph B, above;
3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Failing to abide by any court order related to this case;
6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or
7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may



CB

proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

## CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No

modification of this plea agreement shall be effective unless in writing signed by all parties.

XIV

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

XV

**DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

TARA K. MCGRATH
United States Attorney

September 25, 2024
DATED

P. KEVIN MOKHTARI
Assistant U.S. Attorney

Sept. 25, 2024
DATED

PAUL W. BLAKE
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

Sep. 25. 2024
DATED

CHRISTOPHER LANDON BUSTIN
Defendant

Approved By:

Matthew Sutton
MATTHEW J. SUTTON
Assistant U.S. Attorney



CB

**FORFEITURE ADDENDUM**

Defendant's conviction will include forfeiture. This forfeiture addendum is incorporated into and part of Defendant's plea agreement, and the additional terms and warnings below apply. Defendant understands that forfeiture is mandatory for the offense to which he is pleading guilty. In addition, Defendant is agreeing to forfeiture to the United States of additional items to include all property seized in connection with the case as set forth below.

A. Penalty. In addition to the penalties in the plea agreement, federal law requires forfeiture from the Defendant of all firearms and ammunition involved in the offense pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c). Defendant is agreeing to forfeiture to the United States of all property seized in connection with the case.

B. Property Subject to Forfeiture. As part of Defendant's guilty plea to Count 2 of the Indictment, as set forth in section I of the plea agreement, Defendant agrees to forfeit all property seized in connection with this case, including but not limited to: (1) 7.62 SKS style rifle (Serial #DC 8635); (2) three Magpul 30 round 5.56 magazines; (3) two magazines, unknown caliber; (4) 40 rounds Winchester 5.56 ammunition; (5) 40 Wolf .223 rounds; (6) 109 rounds of various brands of .40 caliber ammunition; (7) 100 rounds of .45 caliber Federal ammunition; (8) 33 rounds of 9MM Blazer ammunition; (9) 20 7.62 rounds; (10) 88 rounds of various brands of 5.56 ammunition; (11) Drilling fixture and gun parts, FP&F #20124210006101, Line Item 13; (12) Drilling fixture V5, FP&F #20124210006101, Line Item 14; (13) Relic box full of miscellaneous gun parts, FP&F #20124210006101, Line Item 15; (14) a Samsung Galaxy S7, FP&F

#201242100006101, Line Item 18; and (15) collection of silver and other coins.

C. Basis of Forfeiture. Defendant agrees that each of the items described above constitute property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of the offenses, and property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in the Indictment and are subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c).

Defendant further agrees that the firearm and ammunition described above were involved in his offense of conviction and are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c). Defendant consents to the forfeiture to the United States of all other properties seized in connection with this case.

D. Immediate Entry of Preliminary Order of Forfeiture. Defendant consents and agrees to the immediate entry of a preliminary order of forfeiture upon entry of the guilty plea. Defendant agrees that upon entry of the preliminary order of forfeiture, such order shall be final as to Defendant's interests in the properties. Defendant agrees to immediately withdraw any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case that are directly or indirectly related to the criminal conduct. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process. Defendant further agrees not to contest, or to assist any

other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility. By signing this forfeiture addendum Defendant is withdrawing any and all petitions and claims in any related proceedings.

E. Entry of Orders of Forfeiture and Waiver of Notice. Defendant consents and agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea.

F. Waiver of Constitutional and Statutory Challenges. Defendant further agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the United States Constitution. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding.

//

G. <u>Agreement Survives Defendant; No Forfeiture Abatement</u>. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

TARA K. MCGRATH
United States Attorney

September 25, 2024
DATED

P. KEVIN MOKHTARI
Assistant U.S. Attorney

Sept. 25, 2024
DATED

PAUL W. BLAKE
Defense Counsel

Sep. 25. 2024
DATED

CHRISTOPHER LANDON BUSTIN
Defendant